# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10617
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUTHER ELDER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-170-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Luther Elder appeals the sentence imposed following his guilty plea conviction for interference with commerce by robbery in violation of 18 U.S.C. § 1951(A). He argues that the district court clearly erred in applying the U.S.S.G. § 2B3.1(b)(2)(B) firearm enhancement. Specifically, he argues that the only evidence of there being a firearm involved in the offense was from the contradictory and self-serving statements of his co-conspirators.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10617

We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  The district court may consider any relevant information, without regard to admissibility under the rules of evidence, if the information has "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a), p.s.; *United States v. Zuniga*, 720 F.3d 587, 590-91 (5th Cir. 2013).  If the PSR's factual recitation bears sufficient indicia of reliability, the defendant has the burden of showing that the PSR is inaccurate. *Zuniga*, 720 F.3d at 591.

The statements of the manager of the store that was robbed and Elder's co-conspirator, Brandon Walker, were consistent regarding the fact that two handguns were used during the robbery, and Walker specified that a 9 millimeter firearm with scratches on it was one of the handguns used during the robbery.  Given that Walker was the get-away driver for the robbery, he had the opportunity to observe the handguns that were used during the robbery.  Additionally, Walker's statement was corroborated by evidence discovered during the ensuing criminal investigation. While Elder argues that his cross-examination of the investigating agent constituted rebuttal evidence, it only constituted an alternative theory of the evidence. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Harris*, 740 F.3d 956, 967.  Thus, on the record, viewed in its entirety, a sufficient indicia of reliability accompanied Walker's statement that a firearm was used in the robbery, and the district court's application of the firearm enhancement was not clearly erroneous. *See id*; *see also Zuniga*, 720 F.3d at 590-91.  The district court's judgment is AFFIRMED.